IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEFFERY A. WESTGARD, | CASE NO. 4:13-cv-3099 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| DAVID E. PRASCH, an individual, and WERNER CONSTRUCTION, INC., A Nebraska Corporation; | |
| Defendants. | |

1. The Plaintiff, Jeffery A. Westgard, is, and at all relevant times was a resident of Fargo, North Dakota, and currently resides in Dilworth, Minnesota.

2. The Defendant David E. Prasch, is, and at all relevant times has been, a resident of Valentine, Cherry County, Nebraska.

3. The Defendant Werner Construction, Inc., is a properly recognized Nebraska corporation with its principal headquarters located at 129 E. 2nd Street, Hastings, Nebraska, with its registered agent, Philip Werner, Jr., located at the same address.

4. This court does have jurisdiction of this matter pursuant to Fed. Civ. Proc. 28 U.S.C. § 1332(a)(1).

5. On June 19, 2012, at approximately 11:10 p.m., the Plaintiff was driving his motorcycle eastbound on Highway 20 about 1 mile west of the town of Crookston, Nebraska, located in Cherry County.

6. On June 19, 2012 at approximately 11:00 p.m., the Defendant, David Prasch, was also traveling eastbound on Highway 20 and had observed the Plaintiff's motorcycle for several miles as both vehicles were proceeding eastbound on Highway 20 during this period of time.

7. On June 19, 2012, the Defendant, Werner Construction, was contracted to provide black asphalt overlay to Highway 20 in this location on behalf of the Nebraska Department of Roads. As the overlay contractor, the Defendant Werner was responsible for complying with all appropriate warning signs in compliance with both the Manual on Uniform Traffic Control Devices ("MUTCD") and the Signing and Marking plan developed for this particular project in order to make drivers properly aware of the general asphalt overlay project and also conditions that existed such as edge drop-offs on the shoulder or along the center line.

8. As the Plaintiff was proceeding eastbound on Highway 20, at approximately 11:10 p.m. there was no warning or proper delineation that the segment of road he was traveling contained a center line edge drop-off, therefore, due to the darkness of the evening, and the darkness of the asphalt overlay, and the lack of warning or any delineation of the center line uneven lane condition, the Plaintiff, when engaging his tires in the edge drop-off situation, caused him to lose control of his motorcycle, causing him to be thrown from the motorcycle and coming to a point of rest approximately along the right edge of the eastbound lane of Highway 20.

9. As the Plaintiff attempted to mentally gather his whereabouts and assess his physical condition, the Defendant Prasch, who had observed the

Plaintiff's motorcycle for several miles along Highway 20 as they traveled eastbound, negligently drove over Westgard's leg causing extreme pain and injury.

## NEGLIGENCE OF DEFENDANT DAVID E. PRASCH

10.   Plaintiff incorporates herein, and fully sets forth the allegations contained in paragraphs 1-9.

11.   The injury caused to the Plaintiff was proximally caused by the negligence of Defendant David Prasch in the following particulars:

a)   Failure to keep a proper lookout as a reasonable and careful driver so as to observe both the Plaintiff's fallen motorcycle, and the Plaintiff's body situated upon a portion of the roadway;

b)   Failing to use proper and reasonable care under the circumstances to drive his vehicle in such a manner so as to reduce speed and avoid striking the Plaintiff's body with his vehicle as Plaintiff could be plainly seen situated upon a portion of the road;

12.   As a proximate result of the negligence by Defendant Prasch, the Plaintiff, Jeffery A. Westgard, sustained life-threatening injuries consistent with severe blunt force trauma to the lower extremities which resulted in serious and permanent physical limitations and significant medical expenses and wage loss that have, and will be incurred, into the future.  With said medical expenses currently exceeding $130,000, and past wage loss of approximately $30,000.00, with future wage loss yet to be determined.

**NEGLIGENCE OF DEFENDANT WERNER CONSTRUCTION, INC.**

13. Plaintiff incorporates herein, as if fully set forth, the allegations contained in paragraphs 1-12.

14. Defendant Werner Construction, Inc. supplied their engineering expertise for the construction of asphalt overlay on Highway 20 through contract issued by the Nebraska Department of Roads (NDOR). As part of that contract, said Defendant was under the obligation to comply with both the MUTCD guidelines for warnings during asphalt overlay, and specifically the Signing and Marking plan contained in Contract ID No. 8901 which required said Defendant to properly warn and delineate for all individuals traveling along Highway 20, of conditions that existed during the asphalt overlay project, including uneven lane conditions.

15. That on the night of June 19, 2012, the signing and marking to warn drivers about the uneven lane conditions that existed at approximately 660 feet west of mile post 184 along Highway 20 was negligently insufficient and did not comply with either the MUTCD or with the Signing and Marking plan issued by NDOR with said contract.

16. As a proximate result of Defendant Werner Construction's negligence, the Plaintiff, Jeffery A. Westgard, sustained life-threatening injuries including a broken clavicle, fractured ribs, fractured scapula, collapsed lung, fractured vertebrae, and multiple fractures of his leg, which resulted in serious and permanent physical limitations and significant medical expenses and wage loss that have, and will incurred, into the future. With said medical expenses

currently exceeding $130,000, and past wage loss of approximately $30,000.00, with future wage loss yet to be determined.

## REQUEST FOR RELIEF

Wherefore the Plaintiff, Jeffery A. Westgard, prays for a judgment against Defendant David E. Prasch and Defendant Werner Construction, Inc., for:

a) Special damages, including past medical expenses and wage loss incurred up to the point of filing this Petition and sufficient damage awards to address all future medical expenses and lost wages, which Plaintiff suffered as a result of the Defendants' negligence.

b) General damages to compensate the Plaintiff for all physical and mental pain and suffering which he has incurred as a result of the accident on June 19, 2012, and such pain and suffering as he will incur into the future.

c) All costs, fees, or expenses, as the court may deem just and proper.

## REQUEST FOR JURY TRIAL

The Plaintiff hereby requests a Jury Trial of this matter to be held in Lincoln, Nebraska.

Dated this 14th day of May, 2013.

Respectfully submitted,

JEFFERY A. WESTGARD, Plaintiff,

By: /s/ Douglas J. Peterson
DOUGLAS J. PETERSON #18146
KEATING, O'GARA, NEDVED & PETER, P.C., L.L.O.
530 S. 13th St., Suite 100
Lincoln, NE 68508
(402) 475-8230
*Attorney for the Plaintiff*